The People v. Holtzman, 195 Ill. App. 53.

---

## The People of the State of Illinois, Defendant in Error, v. Ben Holtzman, Plaintiff in Error.

### Gen. No. 20,787.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDMUND K. JARECKI, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 6, 1915. Rehearing allowed and additional opinion filed December 8, 1915.

## Statement of the Case.

Information by the People of the State of Illinois, filed in the Municipal Court of Chicago, in which it was charged that defendant, Ben Holtzman, "on the 23rd day of March, A. D. 1914, at the City of Chicago, aforesaid, did knowingly and fraudulently make a false representation in writing signed by him concerning his respectability, wealth, mercantile correspondence and connections, assets and liabilities and fraudulently obtained thereon credit and divers sums of money, to-wit: Eleven Hundred ($1,100.00) Dollars from the Michigan Avenue Trust Company, a corporation, contrary to the form of the Statute," etc. Such information was founded on section 97 of the Criminal Code (J. & A. ¶ 3654), as to obtaining credit by false pretenses. The case was tried before the court and a jury and verdict was returned finding the defendant guilty. Judgment was entered on the verdict and the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

defendant was sentenced to confinement in the county jail for a period of thirty days and to pay a fine of $500. This writ of error followed.

A rehearing having been allowed, the court, on the rehearing, rendered a judgment adhering to the decision on the questions raised on the hearing and passing upon the additional questions concerning the sufficiency of the indictment which were raised on the petition for a rehearing.

O. J. C. WRAY, for plaintiff in error.

MACLAY HOYNE, for defendant in error; EDWARD E. WILSON, of counsel.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. CRIMINAL LAW, § 245*—*what may be considered in determining criminal intent.* In determining the question of criminal intent, the jury are not bound to accept the testimony of the defendant in reference thereto, but they may consider all the facts and circumstances connected with the case.

2. CRIMINAL LAW, § 520*—*when verdict will not be set aside.* On appeal in a criminal case, where it appears that a prima facie case was established against the defendant, and there were no errors of law, the verdict of the jury will not be set aside unless from all the evidence there is a reasonable doubt of the defendant's guilt.

3. FALSE PRETENSES, § 39*—*when verdict of guilty will be set aside.* Evidence *held* to show that a verdict of guilty of obtaining money by means of false representations as to assets or liabilities made to obtain credit was justified.

#### ON REHEARING.

1. CRIMINAL LAW, § 491*—*when question may be first raised on petition for rehearing.* In a criminal case, the objection that the information on which defendant was convicted is fatally defective may be raised for the first time on a petition for rehearing.

2. INDICTMENT AND INFORMATION, § 22*—*when sufficient.* An indictment or information is sufficient if the defendant is notified thereby of the charge which he is to meet, so that he may make his

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

defense, and if convicted or acquitted thereof may be able to plead former jeopardy to another charge for the same offense.

3. INDICTMENT AND INFORMATION, § 41*—*when use of language of statute not essential.* In an indictment or information it is not necessary to use the very words of the statute creating the offense, but it is sufficient to use words conveying the same meaning, or which are equivalent to the words of the statute, or words which in their signification are inclusive of the statutory words, or which in common acceptation are of the same or similar import, or which substantially follow the statutory words and state them with substantial accuracy within a reasonable intendment.

4. INDICTMENT AND INFORMATION, § 23*—*when implied allegation sufficient.* Whatever is included in or necessarily implied from an express allegation need not be otherwise averred.

5. INDICTMENT AND INFORMATION, § 30*—*when mode of commission of offense sufficiently described.* An information averring that defendant by means of false representations *"fraudulently* obtained * * * credit and divers sums of money, to wit: Eleven Hundred ($1,100.00) Dollars from the Michigan Avenue Trust Company," *held* not fatally defective in that such averment did not sufficiently enable defendant to understand the nature of the charge made against him, such averment being in legal effect equivalent to a direct charge that such trust company was defrauded by means of such representations.